Filed 8/11/26  Suva v. Suva CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| CLIFFORD SUVA II,<br><br>    Plaintiff and Appellant,<br><br>        v.<br><br>NAVEEN SUVA,<br><br>    Defendant and Respondent. | G065822<br><br>(Super. Ct. No. 30-2020-01155729)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Sheila Recio, Judge. Reversed in part, affirmed in part, and remanded with directions.

Law Offices of Benjimin Michael Brees and Benjimin M. Brees for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

Clifford Suva II[1] appeals from the trial court's order entering judgment in favor of Naveen Suva. After Naveen defaulted, and multiple continuances for Clifford to submit affidavits and documentary evidence of damages, the court ruled Clifford was not entitled to any recovery, and judgment was entered in favor of Naveen. Clifford argues the judgment must be reversed because the evidence was sufficient to warrant judgment in his favor. We agree. Clifford alleged defamation per se, which presumes the existence of general damages. He submitted competent evidence of his own damage and, at a minimum, was therefore entitled to nominal damages. We therefore affirm in part, reverse in part, and remand for reconsideration of damages.

FACTS AND PROCEDURAL BACKGROUND

The complaint in this action asserts causes of action for defamation per se, false light, and intentional infliction of emotional distress. The allegations center on a text message allegedly sent by Clifford's daughter-in-law, Naveen, to Jennie Cheng, Clifford's sister-in-law, accusing Clifford of being a "child molester." As alleged, the text message is "entirely false." Clifford contended the false accusation was defamatory "as a matter of law."

The complaint originally named Cheng as a defendant, who answered the complaint and was dismissed. Naveen did not answer, and default was entered. Clifford then requested a default judgment. The trial court continued the case multiple times, for more than two years, to allow Clifford to provide evidence substantiating his request for damages.

---

[1] For ease of reference and with no disrespect intended, we shall refer to members of the Suva family by their first names.

Over the course of those continuances, the trial court voiced concerns about Clifford's evidence. In a minute order the court indicated, "The evidence submitted remains deficient. For example, the new declarations again rely on hearsay and contain statements made without proper foundation. Also, admissible evidence to support claimed damages is again lacking." The court further "noted deficiencies in the evidence submitted (e.g., foundation, hearsay)." The court found Clifford "failed to introduce competent evidence establishing a prima facie case of damages" and Clifford "claims damages from a text message between [Naveen] and a non-party, which begins with, '[s]o this is what I found out,'" but "[n]o declaration was [proffered] from the non-party who purportedly received the text [message]."

Ultimately, Clifford presented evidence of damages which fell into two categories: emotional distress and economic damages. As to this first category, Clifford filed multiple individual personal statements and declarations attesting to his own emotional distress. He explained his emotional distress centered on the sexual abuse he suffered as a child and the text message reopened those emotional wounds. He also claimed his relationships with family members have been impacted and he no longer spoke with many family members after the text was sent.

Clifford also filed several declarations from his wife, purporting to corroborate Clifford's emotional distress as well as to describe the negative impact of the text message on family relationships.

Additionally, Clifford provided a letter from his treating psychologist in which the psychologist indicated, "Mr. Suva is currently struggling with [posttraumatic stress disorder] symptoms as a result of the accusation of his daughter-in-law by text that he is a pedophile."

3

Clifford requested $100,000 in emotional distress damages.

In respect to his economic damages, Clifford submitted declarations that were supported by documents purporting to substantiate his economic damages, centering on lost wages and income. He claimed his emotional distress led to an inability to work and requested $241,382.09.

Clifford also included excerpts of Cheng's deposition. At her deposition, Cheng testified she recognized the text message sent by Naveen, acknowledged its receipt, and indicated she believed to have received the message around November 20, 2019.

In a minute order, the trial court found Clifford did not sufficiently address its concerns and characterized the evidence as "replete with inadmissible hearsay, conclusory assertions, [and] foundational issues." The court concluded the "evidence submitted by [Clifford] fail[ed] to support the requested damages" and, in view of the prior continuances, it appeared Clifford "[could not] meet his burden of proof." Judgment was entered in favor of Naveen.

DISCUSSION

Clifford argues the trial court's blanket rejection of the evidence of damages was erroneous because his own testimony was competent evidence of damages in the forms of emotional distress and lost income.[2] We

[2] Clifford's opening brief quotes multiple cases for authority not found in those decisions. For example, Clifford cites *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974 for the standard of review on appeal from a default judgment and the admissibility of the plaintiff's own testimony as to their damages. That decision was an appeal following a grant of summary judgment and does not anywhere state, as quoted by Clifford, "'plaintiff's own testimony as to his or her own damages may be sufficient in itself to justify an award of damages.'" Similarly, *Erich v. Granoff* (1980) 109 Cal.App.3d 920, 925, is cited for the proposition that a plaintiff's "'testimony as to pain

agree. Since the court did not fault the defamation per se allegations in the complaint, general damages are presumed. The court, however, denied any damages based on the sufficiency of the evidence of such.

On default judgment, the trial court engages in a two-part inquiry, examining the complaint and then evidence of damages. First, as to liability, a default "*confesses* [the] properly pleaded facts [in a complaint]," relieving a plaintiff of the responsibility "to provide the court with sufficient evidence to prove them." (*Kim v. Westmoore Partners, Inc.* (2011) 201 Cal.App.4th 267, 281.) No evidence is therefore required to establish liability, and "[t]he only additional proof required for a default judgment is that needed to establish damages." (*Carlsen v. Koivumaki* (2014) 227 Cal.App.4th 879, 883–884.) "That the plaintiff lacks evidence to *prove* the well-pleaded allegations of the complaint is of no consequence." (*Id.* at p. 884.) That said, damages "may only be awarded for a well-pled cause of action, and to that end, the complaint must be examined." (*Id.* at p. 900.)

Second, to recover damages, a litigant need only "establish a prima facie case" of entitlement to damages. (*Johnson v. Stanhiser* (1999) 72 Cal.App.4th 357, 361 (*Johnson*).) Assuming a claim is stated in the admitted allegations, "the trial court may not disregard" the same evidence of damages "but must hear the evidence offered by the plaintiff and must render judgment in his favor for such sum, not exceeding the amount stated in the

_____

and suffering is competent evidence.'" However, the *Erich* court made no such finding and that case involves the purchase of real property. This could be an instance of counsel improperly using artificial intelligence (AI) to assist in brief writing or there could be another explanation. Regardless, it is potentially sanctionable, and we take this opportunity to remind counsel of their obligation not to falsely represent the holdings of cited authority. (*Shayan v. Shakib* (2025) 116 Cal.App.5th 619, 624.)

5

complaint, or for such relief, not exceeding that demanded in the complaint, as appears from the evidence to be just." (*Id.* at p. 362.) If the court proceeds via affidavits, as opposed to testimony, the "facts stated in the affidavit or affidavits shall be within the personal knowledge of the affiant and shall be set forth with particularity." (Code Civ. Proc., § 585, subd. (d).) Appellate review of the court's decision is "'severely circumscribed,'" and reversal is appropriate only in limited circumstances such as "'where the award is so out of proportion to the evidence that it shocks the conscience of the appellate court'" or where the damages awarded are "'without evidentiary justification.'" (*Johnson, supra*, 72 Cal.App.4th at p. 361.)

Here, after Naveen defaulted, the trial court focused on the second part of the default judgment inquiry regarding damages. However, the court did not acknowledge the claims at issue (i.e., the accusation Clifford was a child molester) constitute "false allegations of criminal conduct" which are defamatory per se. (*Weinberg v. Feisel* (2003) 110 Cal.App.4th 1122, 1136.) Consequently, the failure to prove actual damages does not defeat the claim. (*Walker v. Kiousis* (2001) 93 Cal.App.4th 1432, 1443.) Instead, "general damages are presumed as a matter of law." (*Douglas v. Janis* (1974) 43 Cal.App.3d 931, 940.) General damages include "damages for loss of reputation, shame, mortification, and hurt feelings." (Civ. Code, § 48a.) Thus, it is long established, "one guilty of a libel per se is liable to the person libeled for at least nominal damages." (*Di Giorgio Fruit Corp. v. AFL-CIO* (1963) 215 Cal.App.2d 560, 577.) Nominal damages may also entitle a party to recover costs. (Code Civ. Proc., § 1032.)

Clifford's declarations regarding his emotional distress therefore could support the award of at least nominal damages. "[L]ay witnesses are generally competent to testify as to their own knowledge of their diseases,

6

injuries, or physical condition." (*Behr v. Redmond* (2011) 193 Cal.App.4th 517, 528.) "The law in this state is that the testimony of a single person, *including the plaintiff*, may be sufficient to support an award of emotional distress damages." (*Knutson v. Foster* (2018) 25 Cal.App.5th 1075, 1096.) Indeed, a party's "own testimony commonly establishes his damages for pain and suffering," and "attorneys frequently invoke the testimony of other parties as well." (*Capelouto v. Kaiser Foundation Hospitals* (1972) 7 Cal.3d 889, 895.)

Nothing in the record indicates the trial court made any findings as to Clifford's or his wife's credibility or competency as a witness. Instead, the record suggests the court deemed this evidence to be inadmissible hearsay or lacking in foundation. Clifford's wife may be competent to offer her own observations of her husband's distress. Regarding Clifford's lost income, a party "may testify as to the value of [his] own services." (*Burke v. City & County of San Francisco* (1952) 111 Cal.App.2d 314, 318.) Clifford may be competent therefore to testify as to his own earnings.

The trial court's generalized concerns over hearsay and foundational issues do not justify the court's refusal to consider Clifford's evidence and its decision to award no recovery at all.[3] The judgment appears

---

[3] We note the trial court's specific concern about the lack of a declaration from Cheng, the recipient of the text message, which would appear to be relevant to prove publication of the defamatory statement. (See *Sanchez v. Bezos* (2022) 80 Cal.App.5th 750, 765 [no publication without "a declaration from anyone who personally heard defendants make any defamatory comments"].) However, Clifford did not need to prove publication. (See *Carlsen v. Koivumaki, supra,* 227 Cal.App.4th at p. 884 [whether "the plaintiff lacks evidence to prove the well-pleaded allegations of the complaint is of no consequence"].) Moreover, Clifford did include excerpts of Cheng's deposition wherein Cheng appears to authenticate the text message.

to be "without evidentiary justification" and does not contemplate the presumption of general damages and availability of nominal damages. (*Johnson, supra*, 72 Cal.App.4th at p. 361.) We therefore remand for reconsideration of the amount of damages that should be awarded Clifford.

Nothing in this opinion should be construed as indicating how the trial court should weigh the evidence or how it should calculate damages. (See *Johnson, supra*, 72 Cal.App.4th at p. 362 [court may award an amount that is "'just'"].) However, the court must at a minimum award nominal damages and appropriate costs.

## DISPOSITION

The portion of the judgment denying the requested damages is reversed. We remand to the trial court to rehear and reconsider whether Clifford is entitled to his requested damages. At a minimum, the court should award nominal damages and appropriate costs. In all other respects, the judgment is affirmed. In the interests of justice, no costs are awarded.


MOTOIKE, P. J.

WE CONCUR:


DELANEY, J.


SCHWARM, J.*

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.